A. M. Brainard

v.

Albert J. Norton.

</div>

Computation of time—When last day is Sunday.—Where a judgment was rendered Dec. 18, 1882, and the appeal bond was filed Jan. 8, 1883. *Held*, that Jan. 7th being Sunday, the bond was properly filed Jan. 8th, according to the statutory rule of computation: R. S. Ch. 131, § 1, clause 11.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM H. BARNUM, Judge, presiding. Opinion filed May 20, 1884.

Mr. E. W. ADKINSON, for appellant; cited R. S., Ch. 131, § 1, clause 11; Roan v. Rohren, 72 Ill. 582.

Mr. ALBERT J. NORTON, for appellee.

McALLISTER, P. J.   Appellee Norton, on the 18th day of December, 1882, obtained judgment in justice's court, against appellant Brainard, for eighty dollars and fifty cents with costs.   For the purpose of taking an appeal to the Circuit Court of Cook county, in the said cause, Brainard entered into bond with surety, as required by the statute, and on the 8th day of January, 1883, filed the same with, and had it approved by, the clerk of the said court.   On the 9th of July, 1883, the transcript of the justice was filed in that court, and on the 21st of September, 1883, on motion of appellee Norton, the court dismissed the appeal.

It appears from the bill of exceptions, that the 7th day of January aforesaid was Sunday, and that the court dismissed said appeal upon the ground, that the filing the bond on the 8th of January was one day too late.   Whether or not that was so is the only question presented by this appeal.

The statute authorizing appeals requires that bond in such case shall be filed within twenty days from the rendition of the judgment from which the appeal is to be taken.   §§ 62 and 64, p. 647, R. S. 1874.

But the eleventh clause of § 1, Chap. 131, entitled "Construction of Statutes" (R. S. 1874, p. 1011), is as follows: "Eleventh.  The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it also shall be excluded."

The statute first above referred to provides for the filing the appeal bond, and the time within which it is to be done, viz., twenty days from the rendering of the judgment.   The act of filing the appeal bond is certainly an act provided by

law to be done within a specified time.   We are unable to perceive any reason why the above statutory rule of computation does not apply, and applying it, the 7th day of January being Sunday, the bond was properly filed on Monday the 8th. The judgment below will be reversed and the cause remanded.

Judgment reversed.